IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO,

    Plaintiff,

v.                                                  No. 1:25-cv-00861-SMD-JMR

JENNIFER ROBIN CARTER,

    Defendant.

## ORDER OF REMAND

*Pro se* Defendant received a traffic citation for speeding on July 26, 2025. *See* Notice of Removal at 3, Doc. 1, filed September 3, 2025. Defendant states she is removing this case from the Valencia County Magistrate Court in Los Lunas because:

> The Police Departments of this state are continuing to violate the Constitutional and Federally Protected Right of not just me but everyone who drives an automobile for personal reasons, not for commerce, as a Right to Travel unobstructed. The State of New Mexico also has no right to license this right or require a registration, or title our automobiles in their name or even require us to obtain auto insurance. This has been upheld by the Supreme Court of the United States many times before.

Notice of Removal at 1.

The Notice of Removal does not cite any legal authority allowing for removal of Defendant's case. The following criminal prosecutions may be removed from state court:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

The Notice of Removal does not show that Defendant's criminal prosecution may be removed pursuant to the first provision, 28 U.S.C. § 1443(1).

As for § 1443(1), the Supreme Court has established a two-prong test:

First, it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality. Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice....

Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State. This provision normally requires that the denial be manifest in a formal expression of state law....

*Johnson v. Mississippi,* 421 U.S. 213, 219, 95 S.Ct. 1591, 44 L.Ed.2d 121 (1975) (internal citations, quotation marks, and brackets omitted).

*Miller v. Lambeth*, 443 F.3d 757, 761 (10th Cir. 2006). Defendant seeks to protect her constitutional rights but does not claim rights under a law providing for specific civil rights in terms of racial equality.

The Notice of Removal does not show that Defendant's criminal prosecution may be removed pursuant to the second provision, 28 U.S.C. § 1443(2).  "Section 1443(2) 'confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights.'" *Miller v. Lambeth*, 443 F.3d 757, 761 (10th Cir. 2006) (quoting *Greenwood v. Peacock,* 384 U.S. 808, 824 (1966)).  The Notice of Removal does not show that Defendant is a federal officer or agent or a person authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights.

The Court remands this action to Valencia County Magistrate Court because it does not appear on the face of the notice that removal is permitted.  *See* 28 U.S.C. § 1455(b)(4) ("The

United States district court in which such notice [of removal of a criminal prosecution] is filed shall examine the notice promptly.  If it clearly appears on the face of the notice and any exhibits annexed thereto that removal shall not be permitted, the court shall make an order for summary remand").  Any other grounds Defendant may have for removal of this case which are not included in the Notice of Removal are waived.  *See* 28 U.S.C. § 1455(b)(2) ("A notice of removal of a criminal prosecution shall include all grounds for such removal.  A failure to state grounds that exist at the time of the filing of the notice shall constitute a waiver of such grounds, and a second notice may be filed only on grounds not existing at the time of the original notice").

    **IT IS ORDERED** that this case is **REMANDED** to Valencia County Magistrate Court, Los Lunas, State of New Mexico.

_____
**UNITED STATES DISTRICT JUDGE**