IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO,

       Plaintiff,

v.                                      No. 1:25-cv-00861-SMD-JMR

JENNIFER ROBIN CARTER,

       Defendant.

## SECOND ORDER OF REMAND

*Pro se* Defendant received a traffic citation for speeding on July 26, 2025. *See* Notice of

Removal at 3, Doc. 1, filed September 3, 2025. Defendant removed this case from the Valencia

County Magistrate Court in Los Lunas stating:

> The Police Departments of this state are continuing to violate the Constitutional
> and Federally Protected Right of not just me but everyone who drives an automobile
> for personal reasons, not for commerce, as a Right to Travel unobstructed. The
> State of New Mexico also has no right to license this right or require a registration,
> or title our automobiles in their name or even require us to obtain auto insurance.
> This has been upheld by the Supreme Court of the United States many times before.

Notice of Removal at 1.

The Notice of Removal did not cite any legal authority allowing for removal of Defendant's

case. The following criminal prosecutions may be removed from state court:

> (1) Against any person who is denied or cannot enforce in the courts of such State
> a right under any law providing for the equal civil rights of citizens of the United
> States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal
> rights, or for refusing to do any act on the ground that it would be inconsistent with
> such law.

28 U.S.C. § 1443.

The Court notified Defendant that the Notice of Removal did not show that Defendant's

criminal prosecution may be removed pursuant to 28 U.S.C. § 1443 because Defendant did not

claim rights under a law providing for specific civil rights in terms of racial equality and did not show that Defendant is a federal officer or agent or a person authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights. *See* Order of Remand at 2, Doc. 3, filed September 9, 2025.

The Court remanded this action to Valencia County Magistrate Court because it did not appear on the face of the notice that removal is permitted and notified Plaintiff that any other grounds Defendant may have for removal of this case which are not included in the Notice of Removal are waived. *See* Order of Remand at 3 (quoting 28 U.S.C. § 1455(b)(2) ("A notice of removal of a criminal prosecution shall include all grounds for such removal. A failure to state grounds that exist at the time of the filing of the notice shall constitute a waiver of such grounds, and a second notice may be filed only on grounds not existing at the time of the original notice")).

Plaintiff has filed a 2nd Notice of Removal, Doc. 5, filed September 16, 2025, pursuant to 28 U.S.C. § 1455(b)(2) which also provides that the Court "may grant relief from the limitations" on the waiver of grounds not included in the original notice of removal "[f]or good cause shown." 28 U.S.C. § 1455(b)(2). Plaintiff states "the omission of grounds was not malicious or intentional to disguise the truth in any way, but was a misunderstanding, on my part." 2nd Notice of Removal at 1.

As grounds for removal, Plaintiff states "the State of New Mexico Legislature writes all the code, statutes, bills etc., for their municipal police departments," intentionally disregards the Constitution of the United States and the legislation violates several Constitutional rights and gives the following example:

> Under NM Stat 66-8-123 (Exhibit #1) States clearly that you are under arrest as soon as police pull you over for any traffic violation, as I was for this speeding ticket. If you refuse to sign the ticket, you are then arrested and your vehicle towed. This violates several Constitutional rights (Exhibit #2). Due Process, 5th amendment and Common Law; 4th Amendment, unreasonable search and seizure; and the 14th Amendment, which applies these protections to the States. Numerous

> case law exists, as well as jurisprudence (exhibit 2), citing the Constitution as the
> Supreme Law of the Land and the STATE OF NEWMEXICO seems unwilling to
> understand the Supremacy Clause and continues to force people to get a driver's
> license (NMAC 15.4.2.8A) and cite it as a privilege.

2nd Notice of Removal at 1-2.  Plaintiff cites 18 U.S.C. § 245 in support of removal of her criminal

prosecution.  *See* 2nd Notice of Removal at 2.

Plaintiff has not shown grounds to remove this case pursuant to 28 U.S.C. 1443(1):

> As for § 1443(1), the Supreme Court has established a two-prong test:
>
> First, it must appear that the right allegedly denied the removal petitioner arises
> under a federal law providing for specific civil rights stated in terms of racial
> equality. Claims that prosecution and conviction will violate rights under
> constitutional or statutory provisions of general applicability or under statutes not
> protecting against racial discrimination, will not suffice....
>
> Second, it must appear, in accordance with the provisions of § 1443(1), that the
> removal petitioner is denied or cannot enforce the specified federal rights in the
> courts of the State. This provision normally requires that the denial be manifest in
> a formal expression of state law....
>
> *Johnson v. Mississippi,* 421 U.S. 213, 219, 95 S.Ct. 1591, 44 L.Ed.2d 121 (1975)
> (internal citations, quotation marks, and brackets omitted).

*Miller v. Lambeth*, 443 F.3d 757, 761 (10th Cir. 2006).  Plaintiff's reference to 18 U.S.C. § 245,

which, among other things, prohibits injury, intimidation and interference with any person

traveling in vehicles because of their race, color, religion and national origin, is not sufficient

grounds for removal of her criminal prosecution for speeding.  Section 245 does not establish a

right to exceed speed limits or a right to be exempt from state licensing requirements.

**IT IS ORDERED** that this case is **REMANDED** to Valencia County Magistrate Court,

Los Lunas, State of New Mexico.

**UNITED STATES DISTRICT JUDGE**